**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Z. ANTHONY WATSON and : 
KIM M. HANSEN , :
:
    Petitioners, :
: CIVIL ACTION NO.
v. : 1:10-CV-0668-RWS
:
WELLS FARGO BANK, N.A., :
:
    Respondent. :

## **ORDER**

This case is before the Court for consideration of Petitioner's Petition for Preliminary Injunction [1]. After reviewing the record, the Court enters the following Order.

Based upon the limited information provided in the Petition, the facts of this case are not clear. However, it appears that Wells Fargo Bank, N.A. ("Wells Fargo") foreclosed on property owned by Kim M. Hansen and Kishma Hansen at 9356 Windchase Way, Jonesboro, Georgia 30238 ("the property"). Following the foreclosure sale, U.S. Bank National Association, as Trustee, instituted a dispossessory proceeding in the Magistrate Court of Clayton County. U.S. Bank Nat'l Ass'n, as Trustee v. Kim M. Hansen, Kishma Hansen

and all others, Case No. 2010CM02361, Clayton County Magistrate Court. Petitioners allege that possession of the property has been demanded by 6:00 P.M. on March 10, 2010. Petitioners seek to enjoin the dispossessory proceeding.

The Court is not certain that the proper parties are before the Court. First, the pleadings filed with the Clerk are signed by Z. Anthony Watson as "authorized representative-in-fact." Mr. Watson is not an attorney admitted to practice in this Court. No pleadings are signed by Kim Hansen or Kishma Hansen. According to the dispossessory proceedings, U.S. Bank National Association is the party seeking to dispossess the Hansens from the property. However, U.S. Bank National Association is not named as a party in this action. It appears that Petitioners previously sought relief in the Superior Court of Clayton County. However, the outcome of that proceeding is not included in the pleadings. Finally, Petitioners fail to allege an adequate legal basis to support the relief they request. As noted in the Final Report and Recommendation [3] of Magistrate Judge Walter E. Johnson, the enforcement of a security interest through a foreclosure proceeding does not qualify as debt collection for purposes of 15 U.S.C. § 1692g. Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009).

2

A preliminary injunction is an "extraordinary and drastic remedy[.]" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). The Court finds that Petitioners have failed to meet the burden of demonstrating a substantial likelihood of success on the merits.

Based on the foregoing, Petitioners' Petition for a Preliminary Injunction [1] is **DENIED**.

**SO ORDERED**, this  9th  day of March , 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

3